No. 89-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

WILLIAM GIBSON, JR., INC.,
a Montana corporation, and
WILLIAM GIBSON, JR., individually,

        Plaintiffs and Appellants,

   -vs-

JAMES GRAFF COMMUNICATIONS, INC.,
a Montana corporation, JAMES GRAFF,
individually, SAGE ADVERTISING, INC.,
a Montana corporation, ROBERT A. HENKEL,
individually, and SAGE ADVERTISING,
BILLINGS, a partnership,

       Defendants and Respondents.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
             In and for the County of Yellowstone,
             The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          John J. Cavan, Cavan, Smith, Grubbs & Cavan, Billings,
          Montana

     For Respondent:

          Steven J. Lehman; Crowley, Haughey, Hanson, Toole and
          Dietrich, Billings, Montana

Submitted on Briefs:  Sept. 7, 1989

Decided:  September 27, 1989

Filed:

/Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

William Gibson, Jr., Inc., and William Gibson, Jr., individually, (Gibson) filed suit in the Thirteenth Judicial District, Yellowstone County, seeking damages under several theories arising out of respondents' termination of Gibson's employment contract. The District Court granted respondents' motion for a stay of proceedings and to compel arbitration based on arbitration clauses in the partnership agreement and employment agreement under the Federal Arbitration Act. From that order Gibson appeals. We affirm.

We rephrase the issues appellants present for review as follows:

1. Did the District Court err because the contracts at issue do not involve interstate commerce?

2. Did the District Court err because the appellants' claims are outside the scope of the arbitration clause in the contracts?

3. Did the District Court err because respondents have defaulted and waived their right to insist on arbitration?

4. Did the District Court err because the contracts specify that the law of Montana will govern the rights and obligations of the parties thereunder, and any interpretation and construction of the agreement.

We will discuss only issue No. 1 as we find it to be controlling. We have considered appellants' other contentions and find that they must be rejected.

The parties to this action entered into the following contracts: (1) an employment agreement between Sage Advertising, Billings and James Graff dated November 30, 1979; (2) an employment agreement between Sage Advertising, Billings and William Gibson, and (3) a partnership agreement

2

between Sage Advertising, James Graff Communications, Inc., and William Gibson, Jr., Inc. forming Sage Advertising, Billings dated November 21, 1980.

All three contracts contain similar arbitration clauses. An example is the arbitration clause in the partnership agreement which provides as follows:

> Arbitration. If at any time during the existence of the Partnership or after the dissolution or termination thereof, any question, disagreement or difference shall arise among the parties hereto concerning the Partnership, its affairs, transactions, business or accounts or the meaning or interpretation of the agreement, or the rights, duties or obligations of any party hereto, such question, disagreement or difference shall be submitted to and determined by the American Arbitration Association in accordance with its rules then in force. (Emphasis added.)

Sage Advertising, Billings was in the business of providing advertising services. Sage Advertising, Billings hired Mr. Graff as manager of its daily affairs and Mr. Gibson as creative director in charge of graphics plus other duties. During the term of Mr. Gibson's employment, Sage Advertising, Billings performed advertising services for clients in Wyoming and North and South Dakota as well as Montana. Sage sold and delivered advertising goods in these states as well. Respondents terminated Mr. Gibson's employment on August 11, 1984.

After Mr. Gibson's termination, the parties attempted for several years to negotiate a settlement of Mr. Gibson's wrongful termination claim. These negotiations included a January 14, 1987 letter to appellants' counsel from respondents' counsel which suggested binding arbitration to settle the dispute. Appellants filed suit on August 11,

3

1987. Respondents' answer of September 24, 1987 raised as a defense the arbitration clauses in Gibson's employment agreement and the partnership agreement.

Did the District Court err because the contracts at issue do not involve interstate commerce?

The law is clear that if a contract falls within the ambit of the Federal Arbitration Act, (FAA), 9 U.S.C. §§ 1, et seq., then an arbitration clause found in that contract must be enforced. Passage v. Prudential-Bache Securities (1986), 223 Mont. 60, 63-64, 727 P.2d 1298, 1300. Appellants contend that the District Court erred in holding that the partnership and employment agreements are contracts involving interstate commerce within the meaning of the FAA. We disagree.

Appellants acknowledge that Sage Advertising, Billings conducted business in Wyoming and North and South Dakota. By appellants' estimate at least five percent of Sage's clients were from out-of-state. But appellants assert that the amount of business Sage transacted in those states was too small to justify designating Sage as involved in interstate commerce. Although the percentage of Sage's interstate business may have been small, it is clear that Sage, Billings' activities affected interstate commerce bringing it within the scope of § 2 of the FAA. Bernhardt v. Polygraphic Co. (1956), 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199. Thus the District Court correctly found that the FAA applied to the partnership and employment agreements and required enforcement of the arbitration clauses.

We affirm the District Court.

John Conway Harrison
Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5